**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guy R. PAUL, Defendant–Appellant.**

No. 15–13035
**Non–Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Feb. 24, 2016.

Karin Bethany Hoppmann, Arthur Lee Bentley, III, Kelley Clement Howard–Allen, James A. Muench, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Mark J. O'Brien, O'Brien Hatfield, PA, Tampa, FL, for Defendant–Appellant.

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

After a guilty plea, Guy R. Paul appeals his 36–month concurrent sentences on his convictions for preparing false tax returns for others and filing a false personal tax return, in violation of 26 U.S.C. § 7206(1) and (2). On appeal, Paul argues that his sentences, which are 6 months above the upper end of his guidelines range, are substantively unreasonable. Upon review of the record and consideration of the parties' briefs, we affirm.

## I. FACTUAL BACKGROUND

A federal grand jury indicted Paul on 15 counts, including one count each of wire fraud and aggravated identity theft, 11 counts of assisting in the preparation of false tax returns for others, and two counts of filing false personal tax returns. Under a written plea agreement, Paul agreed to plead guilty to two counts in exchange for the remaining counts being dismissed: one count of assisting in the preparation of a false tax return for another, in violation of 26 U.S.C. § 7206(2), and one count of filing his own false personal tax return in 2007, in violation of 26 U.S.C. § 7206(1).

According to the presentence investigation report ("PSI"), Paul participated in the preparation and presentation of 35 fraudulent tax returns from 2008 to 2013 through his tax preparation business, causing a $127,125.30 tax loss to the government. As part of this scheme, Paul used the names and Social Security numbers of at least 53 people, many of whom were young children, as dependents on others' returns without the knowledge of these

dependents' rightful claimants. Paul also did not report his business income on his personal income tax returns, causing a $90,121 tax loss to the government.

The PSI calculated a base offense level of 18 under U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1(G). The PSI applied a 2–level increase under § 2T1.4(b)(1)(B) because Paul was in the business of preparing tax returns, and a 3–level reduction under § 3E1.1(a)-(b) for acceptance of responsibility, yielding a total adjusted offense level of 17. Because Paul had no prior criminal convictions, the PSI assigned him a criminal history category of I. The PSI reported that Paul, a permanent United States resident who emigrated from Haiti, was married with four children. Paul's youngest daughter suffered from febrile seizures and is on the autism spectrum. Paul received a degree in Business Economics, with an Accounting minor, from the University of South Florida.

Based on Paul's total offense level of 17 and criminal history category of I, the PSI recommended an advisory guidelines range of 24 to 30 months' imprisonment. The maximum statutory penalty for each count was three years' imprisonment.

Paul's sentencing memorandum requested a below-guidelines sentence of five months' imprisonment due to his background, immigration status, and family circumstances. The government's sentencing memorandum requested a sentence at the high end of the guidelines range because of the identity theft underlying several of the dismissed counts.

At sentencing, neither party made objections, and the district court adopted the PSI's guidelines calculations. Paul asked that the court impose a five-month sentence as this would give him the "slightest hope" of not being deported, and he urged the court to consider his family and espe-

cially his youngest daughter's medical condition.

The government sought a sentence at the high end of the guidelines range, arguing that: (1) Paul's criminal conduct was made more egregious by the fact that he was a noncitizen defrauding the IRS and violating United States tax laws; (2) Paul's use of other persons' identities on fraudulent tax returns was not reflected in the guidelines range calculation; (3) Paul's education and accounting degree indicated that Paul knew what he was doing and knew the risks of his actions; and (4) Paul prepared questionable tax returns for some of the individuals who wrote letters to the court supporting him.

The district court sentenced Paul to 36 months' imprisonment on each of the two counts of conviction, to run concurrently, as well as a one year term of supervised release. The district court noted that there was a basis for an upward departure from the guidelines range because that range did not adequately reflect the seriousness of Paul's offenses and the conduct underlying the dismissed counts of the indictment. Later on the district court, however, expressly stated "I have varied upward from the advisory guideline range for the reasons which should be apparent from my comments." The district court cited the above facts, along with the need to deter others from engaging in tax fraud, in justifying its imposition of an upward variance.

The district court found Paul's education and immigration status to be aggravating factors instead of mitigating factors, stressing that as a resident alien he was "privileged" to be in the country and that as a college graduate he had the knowledge and ability to avoid violating the law. The district court did not find Paul's family situation to be a mitigating factor, and it noted that Paul knowingly risked his fami-

ly's welfare by engaging in criminal conduct and was responsible for the consequences that his imprisonment would have on them. While the district court appreciated the support Paul received from his friends and family, it noted that none of the letters written on his behalf had acknowledged the nature of his criminal conduct.

The district court also imposed restitution in the amount of $217,246.30.

## II. LEGAL STANDARD

We review the reasonableness of a sentence, including a sentence above the advisory guidelines range, under a deferential abuse-of-discretion standard. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir.2013). Applying this standard involves a two-step process. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir.), *cert. denied*, ⸺ U.S. ⸺, 135 S.Ct. 764, 190 L.Ed.2d 636 (2014). First, we examine whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the factors listed in 18 U.S.C. § 3553(a),[1] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* Second, we examine whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors. *Id.* The party who challenges the sentence bears the burden of establishing that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.2010).

The weight given to any specific § 3553(a) factor is left to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir.2007). A district court, however, can abuse its discretion when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor substantial weight; or (3) commits a clear error of judgment by balancing proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir.2010) (en banc). The district court may consider conduct underlying dismissed counts in its determination of a sentence. *See United States v. Smith*, 741 F.3d 1211, 1226–27 (11th Cir.2013) (courts may consider both uncharged and acquitted conduct in determining an appropriate sentence where that conduct is proven at sentencing by a preponderance of the evidence).

Where, as here, a district court imposes an upward variance based upon § 3553(a) factors, it should explain why the variance is appropriate in that particular case. *See United States v. Moran*, 778 F.3d 942, 983 (11th Cir.), *cert. denied*, ⸺ U.S. ⸺, 136 S.Ct. 268, 193 L.Ed.2d 196 (2015). While "extraordinary justification" is not required, the justification must be "sufficiently compelling to support the degree of the variance." *Id.* (quotation marks omitted).

## III. DISCUSSION

As to procedural reasonableness, Paul argues that the district court erred by departing upward under U.S.S.G. § 5K2.21

---

1. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

to reflect the seriousness of the conduct underlying the dismissed counts.[2] A review of the record shows that the district court did not actually depart upward pursuant to U.S.S.G. § 5K2.21, but merely noted that there was a basis for such a departure under this provision. Instead, the district court imposed a six-month upward variance, basing its decision on its consideration of the § 3553(a) factors and its stated belief that the advisory guidelines range did not adequately reflect the seriousness of Paul's offense or his conduct. *See United States v. Kapordelis,* 569 F.3d 1291, 1316 (11th Cir.2009) (concluding that a district court imposed an upward variance, and not an upward departure, where the court's rationale for the sentence was based on its belief that the guidelines were inadequate and its consideration of the § 3553(a) factors).[3]

Paul's 36–month concurrent sentences are also substantively reasonable. The district court expressly considered Paul's education, immigration status, family situation, and community support, and did not find them to be mitigating factors. The district court considered Paul's crimes to be very serious offenses and deserving of a significant prison sentence. The district court sufficiently explained its reasons for imposing a six-month upward variance, stating that the sentence needed to reflect the seriousness of Paul's offenses, promote respect for the law, and deter others from engaging in similar conduct. These are appropriate sentencing factors, and it was within the district court's discretion to determine the appropriate weight due these

factors. *See* 18 U.S.C. § 3553(a)(2); *Clay,* 483 F.3d at 743.

Finally, we reject Paul's argument that the district court either abused its discretion or violated Paul's rights by considering conduct relating to the dismissed counts in sentencing him. As we have already noted, the district court may consider conduct underlying dismissed counts in its determination of a sentence. *See Smith,* 741 F.3d at 1226–27. Accordingly, we affirm Paul's 36–month concurrent sentences.

**AFFIRMED.**

---

2. Although Paul couches his argument in terms of substantive reasonableness, an argument that the district court misapplied the guidelines goes to procedural reasonableness.

3. Although the district court here cited § 5K2.21 (unlike the district court in *Kapor-* *delis,* 569 F.3d at 1316) in explaining why there was a basis for a departure, this is not dispositive because the district court later on did not actually impose a departure relying on this provision but stated it had varied upward.